UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
*In re*                                                                                        Chapter 11

THIRTY WOODHOLLOW CT., INC.**,**                               Case No.

                              Debtor.
-----------------------------------------------------------------X

## LIQUIDATING CHAPTER 11 PLAN

### INTRODUCTION

        THIRTY WOODHOLLOW CT., INC.**,** (the "Debtor"), the debtor and debtor-in-possession in this Chapter 11 case, by its attorneys,
Phillips, Artura & Cox, Esqs , hereby submits and proposes, pursuant to 11 U.S.C. § 1121 et. seq., the following Liquidating Chapter 11 Plan (the "Plan").  Reference is made to the Disclosure Statement of the Debtor (the "Disclosure Statement"), dated June 19th, 2018, for a discussion of the Debtor's history, business, results of operations, financial information, and for a summary and analysis of the Plan.

        **ALL CREDITORS SHOULD REVIEW THE DISCLOSURE STATEMENT CAREFULLY  BEFORE  MAKING ANY  DETERMINATIONS  WITH  RESPECT  TO THE PLAN.  THE DEBTOR BELIEVES THAT  THE TREATMENT OF CREDITORS UNDER THE PLAN CONTEMPLATES A MORE FAVORABLE TREATMENT FOR CREDITORS THAN WOULD BE AVAILABLE UNDER ANY ALTERNATIVE PLAN OR IN A CHAPTER 7 LIQUIDATION.**

        **ACCORDINGLY, THE DEBTOR BELIEVES THAT CONFIRMATION OF THE PLAN IS IN THE BEST INTEREST OF CREDITORS AND RECOMMENDS THAT CREDITORS ACCEPT THE PLAN.**

### ARTICLE I

**1.**    **DEFINITIONS**

        The following terms, when used in the Plan, shall, unless the context otherwise requires, have the following meanings, respectively:

        **1.1**    *Administrative Claim:* Any cost or expense of administration of the Chapter 11 Case allowed under Section 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of operating the business of the Debtor, and all

allowances of compensation or reimbursement of expenses for legal or other professional services to the extent allowed by the Bankruptcy Court under Sections 327, 330, 331 and 503 of the Bankruptcy Code, and all fees and charges assessed against the Debtor's Estate pursuant to Section 1930 of Title 28 of the United States Code, and that are entitled to priority under Section 507(a) of the Bankruptcy Code.

      **1.3** *Allowed*: With respect to a Claim, "Allowed" means any claim or portion of a claim (a) which is scheduled by the Debtor pursuant to Sections 521(1) and 1106(a)(2) of the Bankruptcy Code (other than a Disputed Claim); or (b) proof of which has been timely filed with the Bankruptcy Court, pursuant to Section 501(a) of the Bankruptcy Code, on or before the date designated by the Court as the last date for filing Proofs of Claim, and with respect to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Bankruptcy Code, Bankruptcy Rules, by an order of the Bankruptcy Court, or by this Plan; or (c) which, after objection thereto, has been allowed in whole or in part by a Final order.

      **1.4** *Bankruptcy Code:* The Bankruptcy Reform Act of 1978 (11 U.S.C. § 101, *et. seq*.), as amended from time to time and made applicable to this Chapter 11 Case.

      **1.5** *Bankruptcy Court*:  The United States Bankruptcy Court for the Eastern District of New York.

      **1.6** *Bankruptcy Rules:*  The Federal Rules of Bankruptcy Procedure, as amended from time to time and made applicable to this Chapter 11 Case.

      **1.7** *Bar Date*:   2018 for non-governmental units, or 2018  for governmental units.

  **1.8** *Cash Reserve:* The amount of $   to be reserved by Debtor for the payment of post-Effective Date Administrative Claims, including Professionals' fees and expenses and amounts, if any, due the UST for such period

  **1.9** *Chapter 11 Case***:**  The Chapter 11 Case of the Debtor commenced on the Filing Date by the filing of the voluntary petition for relief.

  **1.10** *Claim***:**  A right to payment as defined under Section 101(5) of the Bankruptcy Code, including claims filed as proofs of claim and/or scheduled in the Debtor's Chapter 11 Case.

  **1.11** *Confirmation Hearing***:**  The hearing where the Bankruptcy Court considers approval of the Plan and entry of the confirmation Order.

  **1.12** *Confirmation Order***:**  The entry by the Bankruptcy Court of an order confirming the Plan in accordance with the Bankruptcy Code.

  **1.13** *Consummation of the Plan***:**  The accomplishment of all things necessary for the entry of a Final Decree in the Chapter 11 Case.

  **1.14** *Creditor***:**  An entity holding a Claim, as of the Filing Date, against the Debtor.

  **1.15** *Debtor:*  THIRTY WOODHOLLOW CT., INC.,.

  **1.16** *DIP Account:* Debtor's debtor-in-possession account at Capital One Bank.

  **1.17** *Disbursing Agent:* Debtor or other Person(s) as may be designated by the Debtor or the Bankruptcy Court to act as disbursing agent(s) under the Plan.

  **1.18** *Disclosure Statement:*  The Disclosure Statement filed by Debtor on June 19th, 2018

  **1.19**  *Effective Date*: The date that is thirty (30) days after the Confirmation Order becomes Final.

  **1.20**  *Estate*: The Debtor's Chapter 11 bankruptcy estate.

  **1.21**  *Filing Date*: June 19, 2018

  **1.22**  *Final*: Means, with respect to an order of the Bankruptcy Court, that the time to appeal or seek review of said order has expired and no such appeal or review is pending or if such order has been appealed, the date on which it has been affirmed on appeal or other review without material modification and the time for further appeal or review has expired.

  **1.23**  *Final Decree*: The order or decree of the Bankruptcy Court entered, pursuant to Bankruptcy Rule 3022, closing the Chapter 11 Case.

  **1.24**  *General Unsecured Claims*: Any Claim that is not an Administrative Claim, Priority Claim, or a Secured Claim. Interest accrued after the Filing Date shall not be a part of any Allowed Unsecured Claim.

  **1.25**  *Impaired*: With respect to a class of Claims or Interests, such class is impaired under the Amended Plan, pursuant to Section 1124 of the Bankruptcy Code, because with respect to such class of Claims or Interests, the Plan does not:

  a.  leave unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or

  b.  reinstate the maturity of such Claim or Interest as such maturity existed before such default; or

  c.  compensate the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; or

        d.      if such claim or such interest arises from any failure to perform a non-monetary obligation, other than a default arising from failure to operate a non-residential real property lease subject to section 365(b)(1)(A), compensate the holder of such claim or such interest (other than the debtor or an insider) for any pecuniary loss incurred by such holder as a result of such failure; and

        e.      does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.

    **1.26**   *Interest:*  An ownership interest in the Debtor as evidenced by an equity security, as such term is defined in Section 101(16) of the Bankruptcy Code.

    **1.27**   *IRS:* The United States of America Internal Revenue Service.

    **1.28**   *NYSDTF:* The New York State Department of Taxation and Finance.

    **1.29**   *Person*:  The meaning set forth in Section 101(41) of the Bankruptcy Code.

    **1.30**   *Plan*:  This Liquidating Chapter 11 Plan, as it may be modified or amended from time to time as and to the extent permitted by the Bankruptcy Code.

    **1.31**   *Priority Claim:* All or that portion of an Allowed Claim entitled to priority under Sections 507(a)(4), (5), (7), and (8) of the Bankruptcy Code.  Except as may be Allowed by the Bankruptcy Court in the case of an Allowed Priority Claim under Section 507(a)(8) of the Bankruptcy Code, any interest on such Claim that accrued after the Filing Date, shall not be part of the Allowed Priority Claim.

    **1.32**   *Professionals:* The attorneys, accountants, appraisers, or other professionals retained by Debtor in the Chapter 11 Case, by orders of the Bankruptcy Court, pursuant to Sections 327(a) or 1103 of the Bankruptcy Code.

    **1.33**    *Pro Rata:* Proportionally according to the total amount of Allowed Claims or Allowed Interests in a particular Class.

    **1.34**    *Real Property:* The real property located at 499 Winding Road, Old Bethpage, New York, which was sold by Debtor pursuant to Orders of the Bankruptcy Court.

    **1.35**    *Schedules:* Information filed by the Debtor with the Bankruptcy Court in the Chapter 11 Cases, pursuant to Section 521(a)(1) of the Bankruptcy Code.

    **1.36**    *Secured Claim:* All of that portion of any Allowed Claim that is secured by a valid enforceable lien on the property of the Debtor, to the extent of the value of such property, as determined by agreement between the Debtor and the holder of such secured claim or by the Bankruptcy Court by a final order pursuant to Section 506 of the Bankruptcy Code.

    **1.37**    *Unsecured Claim:* any Claim that is not an Administrative Claim, Priority Claim or Secured Claim.

    **1.38**    *UST:* The United States Trustee for the region including the Eastern District of New York.

    **1.39**    *UST Fees:* Fees due to the UST in the Chapter 11 Cases pursuant to 28 U.S.C. § 1930(a)(6).

**2.**    **INTERPRETATION, RULES OF CONSTRUCTION, COMPUTATION OF TIME AND CHOICE OF LAW**

    **2.1**    The provisions of the Plan shall control over any descriptions thereof contained in the Disclosure Statement. Where the Plan refers to any contract, instrument, or other agreement or document created in connection with the Plan, the provisions of such contract, instrument, or other agreement or document shall control over any inconsistency with the terms of the Plan and the Plan will be interpreted to avoid any inconsistencies with the

provisions of such contract, instrument, or other agreement or document.

**2.2** Any term used in the Plan that is not defined in the Plan but that is used in the Bankruptcy Code or the Bankruptcy Rules has the meaning assigned to that term in, and shall be construed in accordance with the rules of construction under the Bankruptcy Code or the Bankruptcy Rules. Without limiting the foregoing, the rules of construction set forth in Bankruptcy Code Section 102 shall apply.

**2.3** The words "herein", "hereof", "hereto", "hereunder" and others of similar import refer to the Plan as a whole and not to any particular article, section, subsection, or clause contained in the Plan.

**2.4** Unless specified otherwise in a particular reference, all references in the Plan to articles, sections and exhibits are references to articles, sections and exhibits of or to the Plan.

**2.5** Any reference in the Plan to an existing document or exhibit means such document or exhibit as it may have been amended, restated, modified, or supplemented as of the Effective Date.

**2.6** Captions and headings to articles and sections in the Plan are inserted for convenience of reference only and shall neither constitute a part of the Plan nor in any way affect the interpretation of any provision hereof.

**2.7** Whenever from the context it is appropriate, each term stated in either the singular or the plural shall include both the singular and the plural.

**2.8** In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**2.9** All exhibits to the Disclosure Statement are incorporated into the

Disclosure Statement and shall be deemed to be included in the Plan, regardless of when filed.

  **2.10** Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

**3.** **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

  **3.1** *Classification*: The Plan divides all claims and interests into the following Classes, plus Administrative Claims and Priority Claims:

  **3.2** *Administrative Claims:* Administrative Claims consist of the Claims of: (i) the Professionals duly retained by the Debtor, for legal and accounting services performed during the Chapter 11 case in the anticipated amount of approximately $    , inclusive of expenses; (ii) the Office of the United States Trustee ("UST") under 28 U.S.C. 1930(a)(6); (iii) any other administrative expense allowed or allowable under Section 503 of the Bankruptcy Code. Each holder of an Allowed Administrative Claim as of the Effective Date shall receive from the Debtor (i) cash in an amount equal to the amount of such Allowed Administrative Claim as soon as practical on or after (i) the confirmation date, (ii) upon such terms as may exist due to the ordinary course of business of the Debtor, or (iii) as may be agreed to by the claimants and the Debtor, or (iv) as may be ordered by the Bankruptcy Court.

  **3.3** *Priority Claims* - Priority claims, if any, will be paid in full on the after liquidation of the home. As a result, the Priority Claims are not impaired and, pursuant to Section 1126(f) of the Bankruptcy Code, is not entitled to vote.

  **3.4** **Class I  (Secured Claim)** -  Consists of the Allowed Secured Claim to be filed by the Village of Muttontown in an amount to be determined when they file their Proof of Claim and any other timely filed secured claim.   Subsequent to the closing on the sale of the

Real Property, the total outstanding balance due Village of Muttontown, as well as additional accrued real property taxes due the Town of Oyster Bay, will be paid in full from the sale proceeds. As Class I will be paid in full, it is not impaired and, pursuant to Section 1126(f) of the Bankruptcy Code, is not entitled to vote.

        3.5    **Class II (Unsecured Claims)** - Consists of all timely filed and allowed General Unsecured Claims against Debtor, if any. As Class II will be paid in full, it is not impaired and, pursuant to Section 1126(f) of the Bankruptcy Code, is not entitled to vote.

        3.6    **Class Acceptance Requirement** - A Class of Claims shall have accepted the Plan if it is accepted by at least two-thirds (2/3) an amount and more than one-half (½) in number of the Allowed Claims in such Class that have voted on the Plan.

**4.    FUNDING OF THE PLAN AND CONDITIONS PRECEDENT**

        **4.1    Funding of the Plan**

The Plan of liquidation will be funded from the Net Sale Proceeds from the sale of the debtors real property at 30 Woodhollow Court, Syosset, New York and anticipated to be approximately $1,500,000. A broker will be retained and closing will occur no later than December 30, 2018. A Cash Reserve will be maintained to cover potential post-confirmation administrative expenses and income taxes.

**5.    PROVISIONS CONCERNING DISTRIBUTIONS**

        **5.1    The Disbursing Agent**

The Debtor and such other Person(s) as may be approved by the Debtor, or the Bankruptcy Court, shall act as Disbursing Agent(s) under the Plan. Any such Disbursing Agent may, with the prior approval of the Debtor, employ or contract with other Persons to assist in or to perform the distributions required.

### 5.2      Cash Payments

Cash payments made pursuant to the Plan will be in United States dollars by checks drawn on a domestic bank selected by the Debtor or Debtor's counsel, or by wire transfer from a domestic bank, at the option of the Debtor.

### 5.3      Transmittal of Distributions

All distributions shall be deemed made at the time such distribution is deposited in the United States mail, postage prepaid. Except as otherwise agreed with the holder of an Allowed Claim or Allowed Interest, any distribution on account of an Allowed Claim or Allowed Interest shall be distributed by mail to (1) the latest mailing address filed of record for the party entitled thereto or to a holder of a power of attorney designated by such holder to receive such distributions or (ii) if no such mailing address has been so filed, the mailing address reflected on the Debtor's schedules last amended, filed with the Court.

### 5.4      Undeliverable Distributions

If any distribution is returned to a Disbursing Agent as undeliverable, no further distributions shall be made to the holder of the Allowed Claim or Allowed Interest on which such distribution was made unless and until the Disbursing Agent or the Debtor is notified in writing of such holder's then-current address. Undeliverable distributions shall remain in the possession of the Disbursing Agent until such time as a distribution becomes deliverable or is deemed canceled (as hereinafter provided). Any unclaimed distribution held by a Disbursing Agent shall be accounted for separately, but the Disbursing Agent shall be under no duty to invest any such unclaimed distribution in any manner. Any holder of an Allowed Claim or Allowed Interest that does not present a Claim for an undeliverable distribution within one hundred and twenty (120) days after the date upon which a distribution is first made available to

such holder shall have its right to such distribution and all distributions thereafter due hereunder discharged and shall be forever barred from asserting any such Claim or Interest against the Debtor or its property or against any other Person or entity, including the Disbursing Agent. All unclaimed or undistributed distributions shall, pursuant to Bankruptcy Code Section 347(b), be the property of the Debtor and shall be treated as determined by the Debtor in its sole and absolute discretion.

6. **TREATMENT OF EXECUTORY CONTRACTS AND LEASES**

    6.1 **Assumption of Executory Contracts and Leases**   Unless the Confirmation Order shall otherwise provide, or the Debtor shall have filed a motion to reject any executory contracts or unexpired leases on the Effective Date, the Debtor will assume all leases and executory contracts. Notwithstanding the foregoing, Debtor is not currently a party to any leases or executory contracts other than the month to month residential lease with its principal..

    6.2 **Rejection Claims**   A proof of claim for any claim arising from the rejection of an executory contract shall be filed with the Clerk of the Court no later than thirty (30) days after the date that an order is entered rejecting the executory contract. The claim arising from the rejection of an executory contract for which a proof of claim is not filed within such time shall be disallowed in its entirety, and shall be forever barred. The Debtor does not intend to file a motion to reject any executory contracts or unexpired leases. Accordingly, the Debtor does not anticipate that any rejection damage claims will be filed.

7. **PROCEDURE FOR RESOLVING DISPUTED CLAIMS**

    7.1 **Resolution of Disputed Claims**   If, as of thirty (30) days after the Effective Date, the Debtor has pending objections to claims, either filed as proofs of claim and/or scheduled in the Debtor's case, no distributions otherwise due will be made by the Debtor

to the holders of Disputed Claims. At the time of any distribution under the Plan, the Debtor will reserve and will not distribute cash equal to the amount that the holders of Disputed Claims at the time of such distribution would have received had the Disputed Claims been Allowed Claims. After the Court has determined all Disputed Claims, the reserved amount will be distributed in accordance with the provisions of the Plan or as otherwise agreed to by the parties. At such time as a Disputed Claim becomes an Allowed Claim, the distribution that would have been dispersed had the Disputed Claim been an Allowed Claim on the Effective Date will be distributed by the Debtor, without interest, to the holder of such Allowed Claim promptly after the Disputed Claim becomes an Allowed Claim pursuant to final and unappealable order of the Court and shall not include any interest, regardless of when distribution thereon is made.

Notwithstanding the foregoing, Debtor does not anticipate any objections to Claims and there are currently no disputed Claims.

## 8. LEGAL EFFECTS OF CONFIRMATION AND EFFECTIVENESS OF THE PLAN

### 8.1    No Discharge Under the Plan

Because the Plan contemplates the liquidation of Debtor's assets, the Confirmation Order shall not operate as a discharge pursuant to Section 1141(d)(1) of the Bankruptcy Code.

### 8.2    Exculpation

Neither the Debtor nor any of its respective directors, officers, shareholders, employees, managers, partners, members, attorneys, consultants, advisors, representatives, assigns, and agents (but solely in their capacities as such), shall have or incur any liability to any holder of a Claim or Interest or any other Entity for any act taken or omitted to be taken in connection with,

related to, or arising out of, the Chapter 11 Case, the formulation, preparation, dissemination, implementation, confirmation, approval, or administration of the Plan or any compromises or settlements contained or incorporated therein, the Disclosure Statement related thereto, the property to be distributed under the Plan, or any contract, instrument, release, or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section shall not affect the liability of (a) any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, (b) the professionals of the Debtor to their respective clients pursuant to applicable codes of professional conduct, or (c) any of such Entities with respect to any act or omission prior to the Petition Date, except as otherwise expressly set forth elsewhere in the Plan. Any of the foregoing parties in all respect shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

### 8.3     Solicitation of Acceptances in Good Faith

The Debtor has, and upon Confirmation of the Plan will be deemed to have, solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code.  The Debtor (and each of its affiliates, agents, directors, officers, members, employees, advisors, and attorneys if any ) has participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code and therefore has not been, and will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the distributions made under the Plan.

### 8.4    Post-Effective Date Administrative Claims

Administrative Claims incurred by the Debtor after the entry of a Final Decree, including (without limitation) Claims for Professionals' fees and expenses incurred after such date, may be paid by the Debtor from the Cash Reserve without application for or approval from the Bankruptcy Court. With respect to Professionals' fees and expenses, payment shall be made upon the submission of invoices, by the Professional to the Debtor, within ten (10) days of receipt of the invoices, without approval or review by the Court, unless an objection is raised. In the event an objection is raised to the invoices of any Professional, then any such Professional shall file an application with the Bankruptcy Court and will then only be paid upon entry of an order of the Bankruptcy Court approving such fees and expenses. Notwithstanding the foregoing, any Administrative Claims incurred by the Debtor after the Effective Date, but prior to the entry of a Final Decree, may only be paid from the Cash Reserve upon application to and approval from the Bankruptcy Court.

The Debtor shall file and serve on the UST quarterly post-confirmation reports until the entry of a final decree, dismissal or conversion of the case to Chapter 7. The Debtor shall also pay all statutory fees due and payable, under 28 U.S.C. § 1930(a)(6), plus accrued interest under 31 U.S.C. § 3717, on all disbursements, including plan payments and disbursements inside and outside of the ordinary course of business, until the entry of a final decree, dismissal or conversion of the case to Chapter 7. Such fees may be paid from the Debtor's cash reserve.

### 8.5    Confirmation Injunction

Effective on the Effective Date, all persons or entities who have held, hold, or may hold Administrative Claims or Claims against or Interests in the Debtor are enjoined from taking any of the following actions against or affecting the Debtor or assets of the Debtor with respect to

such Claims, Interests, or Administrative Claims, except as otherwise set forth in the Plan and other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order or other pending appeals of orders of the Bankruptcy Court:

    (a)    commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, arbitration, or other proceeding of any kind against the Debtor or the Debtor's assets;

    (b)    enforcing, levying, attaching, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor or the assets of Debtor;

    (c)    creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor or the assets of Debtor;

    (d)    asserting any setoff, right of subrogation, or recoupment of any kind, directly or indirectly, or against the Debtor or the assets of Debtor; and

    (e)    proceeding in any manner and any place whatsoever that does not conform to or comply with the provisions of the Plan.

## 9.    RETENTION OF JURISDICTION

    **9.1**    The Bankruptcy Court shall retain jurisdiction of the Chapter 11 Cases pursuant to and for the purposes set forth in Section 1127(b) of the Bankruptcy Code and, <u>inter alia</u>, for the following purposes:

    (i)    To determine additional objections, if any, to the allowance of Claims or Interests;

      (ii)      To determine any and all applications for compensation and reimbursement of expenses for professional fees and any other fees and expenses authorized to be paid or reimburses under the Bankruptcy Code;

      (iii)      To amend or modify the Plan to remedy any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary or advisable to carry out the purposes and intent of the Plan to the extent authorized by the Bankruptcy Code or the Bankruptcy Rules;

      (iv)      To determine any and all controversies and disputes arising under or related to the Plan;

      (v)      To construe and enforce any and all provisions of the Plan;

      (vi)      To determine any and all applications, motion, adversary proceedings and contested or litigated matters pending before the Bankruptcy Court concerning the administration of the Estate, or its property;

      (vii)      To determine any and all controversies and disputes arising under or related to any settlement of an adversary proceeding or contested matter approved by the Bankruptcy Court, either before or after the Confirmation Date;

      (viii)      To determine any and all applications, adversary proceedings, and contested or litigated matters, to set aside liens or encumbrances and to recover any preferences, transfers, assets or damages to which the Debtor may be entitled under applicable provisions of the Bankruptcy Code or other federal, state or local law within ninety days of the Effective Date; and

      (viii)      To enter a final Order or decree in the Debtor's Chapter 11 Case upon notice to the Office of the United States Trustee.

**10.**      **<u>MISCELLANEOUS PROVISIONS</u>**

      **10.1**      **<u>Modification of the Plan</u>**      Subject to restrictions on modifications set forth in Bankruptcy Code Section 1127, the Debtor reserve the right to alter, amend, revoke, withdraw or modify the Plan before or after the Effective Date. No alterations, amendments, or modifications may be made by any party except the Debtor. If the Plan is modified by the Debtor such entity will give notice of the amendment or modification to the U.S. Trustee. A hearing on such issues and any resolicitation of ballots may significantly delay Confirmation and, consequently, significantly delay distributions under the Plan.

The provisions of the Plan are not severable unless such severance is agreed to by the Debtor or the Debtor and such severance would constitute a permissible modification of the Plan pursuant to Bankruptcy Code Section 1127.

**10.2    Payment Dates**   If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or legal holiday, then the making of such payments or the performance of such act may be completed on the next succeeding business day, but shall be deemed to have been completed as of the required date.

**10.3    Notices**   Any notice under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid (with additional copy to the Debtor); or by hand delivery, addressed as follows:

Attorneys for the Debtor:

Richard F. Artura, Esq.
Phillips, Artura & Cox, Esqs.
165 South Wellwood Avenue
Lindenhurst, NY 11757
Tel: (631) 226-2100 x305
Fax: (631) 226-2160
E-mail: rartura@pwqlaw.com

The Debtor:

THIRTY WOODHOLLOW CT., INC.,
C/o ANUPAM SHARMA, President
30 Woodhollow Court
Syosset, NY 11791

All payments, notices and requests to Claimants, shall be sent to them at their last known address.  The Debtor or any Claimant may designate in writing any other address for purposes of this section, which designation shall be effective upon receipt, which receipt shall be deemed to

be on the third business day after the mailing.  Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

      **10.4**    **Severability**   Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

      **10.5**    **Successors and Assigns**   The rights and obligations of any entity named or referred to in the Plan shall be binding upon and shall inure to the benefit of, the successors and assigns of such entity.

      **10.6**    **Reservation of Rights**   Neither the filing of this Plan, nor any statement provision contained herein, shall be deemed to be an admission against interest.  In the event that the Effective Date does not occur, neither this Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding, or controversy within or outside of this Chapter 11 Case.

      **10.7**    **Post-Effective Date Powers**   After the Effective Date, the powers of the Debtor shall include, but not be limited to, the following:

      (a)    prepare and file appropriate federal, state, and local tax returns;

      (b)    prosecute and/or defend any matters concerning any tax-related matters, including, but not limited to, any right of Debtor to receive a refund from any taxing authority;

      (c)    take any and all actions appropriate to enforce any provisions of this Plan, any order of the Bankruptcy Court in this Chapter 11 case, or the Bankruptcy Code; and,

      (d)    engage professionals, as necessary, to perform and/or assist in the performance of any of the aforementioned powers.

      **10.8**    **Event of Default**   An Event of Default shall occur if the Debtor fails to

make any payment when due or shall fail to comply with any other material terms of this Plan and written notice of same has been provided to the Debtor, its counsel, and the Bankruptcy Court. Following an Event of Default, if such Default has not been cured within fifteen (15) days thereafter, any holder of a Claim, payment of which is in Default, shall have the right to commence an action against the Debtor in the Bankruptcy Court to compel payment.

Dated: Lindenhurst, New York
      June 19, 2018

THIRTY WOODHOLLOW CT., INC.

By: *S/Anupam Sharma*
ANUPAM SHARMA, President